Mr. Justice SANDERSON expressed no opinion.

## ISAAC E. DAVIS, AND GEORGE F. SHARP *v.* D. W. PERLEY *et als.*

A JUDGMENT AS AN ESTOPPEL.—A judgment cannot·be received in evidence on behalf of the defendant as an estoppel on the question of title or possession, unless it is pleaded.

JUDGMENT IN FORCIBLE ENTRY NOT EVIDENCE IN EJECTMENT.—On the trial of an action of ejectment, a judgment in favor of defendant in forcible entry and detainer, in which plaintiff's tenant was plaintiff, and defendant was defendant, is not admissible in evidence on behalf of defendant for the purpose of showing actual possession in him at the time it was rendered, although the suit was prosecuted by the plaintiff in the name of his tenant.

IDEM.—A judgment in forcible entry and detainer, between the same parties, and relating to the possession of the same land, is not evidence to show possession, in an action of ejectment.

PAYMENT OF TAXES AS EVIDENCE IN EJECTMENT. — Neither is the payment by defendant of taxes assessed on the demanded premises, evidence in ejectment to show possession and claim of title on his part, nor is the non-payment thereof evidence to show abandonment by the plaintiff.

ABANDONMENT OF TITLE IN FEE.—In ejectment, where the title in fee has vested in the plaintiff, evidence of his abandonment or disclaimer has no application to or effect upon the title or right of possession flowing therefrom.

ABANDONMENT OF LAND.—Abandonment of land is necessarily a question of intention, but that intention may be gathered from all the acts of the party alleged to have abandoned.

LAND DONATED BY VAN NESS ORDINANCE.—The amount of land in San Francisco which, under the Van Ness Ordinance, passed to a person in the actual possession, was not limited to one block.

CASES AFFIRMED.—*City and County of San Francisco* v. *Beideman*, 17 Cal. 462, and *Wolf* v. *Baldwin*, 19 Cal. 314, as to amount of land donated to each person in possession by the Van Ness Ordinance, and as to the possession required by the ordinance.

POSSESSION TO GIVE TITLE UNDER VAN NESS ORDINANCE.— One who entered on a tract of land in San Francisco, claiming the whole under a deed describing it by metes and bounds, and took actual possession of a part only, there being no adverse possession of the rest, acquired title under the Van Ness Ordinance only to the extent of his actual and not of his constructive possession.

CONSTRUCTIVE POSSESSION.—Entry under color of title by deed, and taking actual possession of a part of a tract of land, gives only constructive possession to the balance.

CHARGE OF COURT.—A correct charge by the Court upon a matter in issue, cures a refusal by the Court to give a correct charge upon the same point asked by one of the parties.

STATUTE OF LIMITATIONS.—An adverse possession which will set the Statute of Limitations in motion, may be acquired to a part of a tract of land, while the owner of the true title is in the actual possession of the other part.

STATUTE OF LIMITATIONS AS TO PART OF A TRACT OF LAND.—An actual possession of a part of a tract of land, with constructive possession of the rest, whether held by the owner of the true title, or by one who entered under color of title by deed, will not prevent the Statute of Limitations from running in favor of one who enters adversely upon the constructive possession.

TITLE UNDER VAN NESS ORDINANCE A QUESTION OF LAW.—After the facts tending to prove actual possession are in evidence, it becomes a question of law whether those facts establish such actual possession as to confer title under the Van Ness Ordinance.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

All the defendants disclaimed except D. W. Perley, and he disclaimed as to that portion of the demanded premises lying east of a fence called the "middle fence."

The other facts are stated in the opinion of the Court.

*H. & C. McAllister*, for Appellant, argued that the judgment in forcible entry and detainer in the case of *Zimmerman v. Perley*, should have been received in evidence; that as Zimmerman was the tenant of plaintiffs, and they conducted the action, and defendant recovered judgment in the action, and as plaintiffs' right to recover depended either upon his prior possession or actual possession from January to June, 1855, so as to acquire title under the Van Ness Ordinance, the record was evidence to prove that Zimmerman, plaintiffs' tenant, did not have actual possession, and that the entry of Perley was peaceable and lawful. They argued also that the judgment was not offered as an estoppel, but as evidence tending to show a rightful possession by Perley, and therefore it need not be pleaded, and could not be pleaded without incurring the charge of pleading evidence. They also argued that the Court erred in refusing to allow proof by defendant

of payment of the taxes since 1860, because the payment of taxes was an incident going to show both possession and claim of title, and that their non-payment by plaintiffs was a circumstance tending to show abandonment and disclaimer of title; and cited *Roger* v. *Benlow*, 10 Sergt. & Rawle, 303; *Little* v. *Downing*, 37 N. H. (6 Fogg,) 356; and *Farrar* v. *Fessenden*, 39 N. H. (2 Chandler,) 268. They also argued that the general charge of the Court, that if the plaintiffs had once acquired the legal title to the entire tract of land there could be no adverse holding of any one part so as to set the Statute of Limitations in motion, so long as they retained possession of another part, was erroneous, as such was not the law as between strangers; and that an actual disseizin, committed by defendant without any color of title, would enable him to plead the Statute of Limitations as to so much as he had reduced to actual possession. On this point they cited *Hammond et al.* v. *Warfield*, 2 Har. and John. 151; *Cheney* v. *Ringold*, 2 Har. and John. 87, 94; *Henderson* v. *Howard's Devisees*, 1. A. K. Marsh. 26; *Pearsall* v. *Thorp*, 1 Chipman, 92; *Jackson* v. *Vermilyea*, 6 Cow. 677; *Miller et al.* v. *Shaw*, 7 Sergt. & Rawle, 143; *Farley et al.* v. *Lenox*, 8 Sergt. & Rawle, 392; *Roger et al.* v. *Benlow*, 10 Sergt. & Rawle, 303.

*George Cadwalader*, also for Appellant, argued that the Court erred in refusing the instruction asked by appellant; that "the mere fact that plaintiffs held under deeds describing the tract in controversy, did not in any degree extend their actual possession," because the Van Ness Ordinance did not apply to any other but an actual possession, and did not extend the actual possession or recognize the constructive possession of one who, as in *Hicks* v. *Coleman*, 25 Cal. 124, entered under color of title by deed and took actual possession of only a part of the land included within the metes and bounds mentioned in the deed. He argued further that the refusal of the Court to give this instruction was allowing the requirements of the ordinance to be evaded by substituting constructive for actual possession.

*G. F. & W. H. Sharp*, for Respondents, argued that the judgment roll in *Zimmerman* v. *Perley* was properly rejected, because the parties were not the same, and because Zimmerman was a tenant of plaintiffs, and he only could maintain forcible entry and detainer; aud cited *Treat* v. *Stuart*, 5 Cal. 114; *House* v. *Kaiser*, 8 Cal. 501; and *Dickerson* v. *Maguire*, 9 Cal. 48. They also argued that as the proof showed that defendant had occupied the land since 1860, payment of taxes was no evidence of his possession or of plaintiffs' abandonment, because the law required the occupant to pay taxes. As to the Statute of Limitations, they argued that the proof showed that Perley entered by force in 1860, and held forcibly until 1862, when Zimmerman's lease expired, and during that time Zimmerman alone could have recovered possession, and that an adverse possession of land which would set the Statute of Limitations in motion was such possession as presupposed a grant, and showed the possession to have been commenced and continued under an assertion or color of title.

By the Court, RHODES, J.:

This is an action of ejectment to recover the possession of a tract of land situated within the charter lines of 1851 of the City of San Francisco. The verdict and judgment having been rendered for the plaintiffs, and the motion for a new trial filed by defendant Perley having been denied, he appeals from the judgment and the order denying a new trial.

The plaintiffs directed their efforts to the establishment of two principal propositions: First—That their grantors had prior possession of the premises; and, Second—That they had such an actual possession of the premises as entitled them to the benefit of the Van Ness Ordinance; and for that purpose they introduced evidence to prove several facts which tended to support those propositions, among which were that their grantors erected and for a time maintained a fence along the westerly charter line of the city, and another fence extending

along the southern boundary line of the premises in contro-
versy from the charter line to the northerly or northwesterly
corner of the " college lot;" that those fences were the south-
ern and western bounds of what the plaintiffs claim as the
" Birdsnest Ranch," and that the plaintiffs' grantors and their
tenants had the actual possession of and cultivated portions of
the premises in controversy lying west of the " middle fence."
The defendant controverts most of the matters upon which
the plaintiffs rely as facts in the case, and introduced evidence
to disprove them directly, and to establish certain other facts
which were inconsistent with the claim of title by the plain-
tiffs—such as that the plaintiffs and their grantors had aban-
doned the possession of the premises, and that the defendant
and those under whom he claims had been in the adverse
possession of the premises for more than five years next before
the commencement of the action.

*Judgment in forcible entry and detainer not evidence in ejectment.*

The defendant assigns as error the exclusion of the record
in *Zimmerman* v. *Perley*, which was an action of forcible entry
and detainer. He offered, the record in evidence " for the
purpose of showing title, actual possession as between Perley
and the tenants of the parties in this suit, Davis and Sharp."
Neither the record nor a statement of the substance of it is
before us. It is claimed that Zimmerman was the tenant of
the plaintiffs in this action, that they prosecuted the action,
and that, therefore, the judgment is evidence, against them.
The objection that the parties in the two actions are not the
same is obvious, and that objection is not cured by the proof
that the plaintiffs in this action, conducted the action for the
forcible entry and paid the expenses. In an action of eject-
ment, where the landlord appears for the tenant, and conducts
the proceedings to judgment in the tenant's name, there is but
little difficulty in holding as a general proposition that the
judgment may be set up as a bar or admitted as conclusive
evidence against the landlord, with the same effect as against
the tenant, for the point in issue is the title or right of posses-

sion (through the tenant) of the landlord, and the tenant's right to recover depends upon the existence of such right of possession or title in his landlord. But in forcible entry no right or title of the landlord is an issue, and it cannot therefore be said in any legal sense that the action is prosecuted for the benefit of the landlord. The defendant, as we understand his argument, does not contend that the record was admissible as conclusive evidence of any point in issue in this case, but as evidence tending to prove that Zimmerman did not have the actual possession, and that the entry of Perley was peaceable and lawful. If Zimmerman was the plaintiff in this action, it would be difficult to say that the record in the forcible entry case of which we know nothing, except that the judgment was for the defendant, (that fact appearing to be admitted by both parties,) would tend to prove either of those facts; for the judgment may have been so rendered on the ground that Perley did not make the forcible entry, or was not in possession at the commencement of the action, or on any other ground that was sufficient as a defense, and at the same time not inconsistent with the fact of actual possession in Zimmerman at the time of the alleged forcible entry. It is scarcely necessary to add, that if the judgment is relied on as an estoppel, it should have been pleaded.

### *Payment of taxes not evidence in ejectment.*

The defendant, while testifying as a witness in his own behalf, was asked: " Who paid taxes upon the property since 1860 ?"—the intention being to show that the defendant had paid the taxes. The Court excluded the testimony upon the plaintiffs' objection. It is claimed that this was competent evidence, going to show both possession and claim of title on the part of the defendant, and that the non-payment by the plaintiffs tended to show abandonment and disclaimer on their part. If the title vested in either party or their grantees, by virtue of the Van Ness Ordinance, the payment of taxes strengthened neither the title nor the right to the possession ; and on the other hand the non-payment would not impair the

right or title, for title when once vested cannot be divested by abandonment or disclaimer. And indeed, regarding the title passing by virtue of the ordinance, as a title in fee, neither abandonment or disclaimer has any application to or effect upon such title or the right to the possession flowing therefrom. (2 Wash. on Real Prop., 453.) Upon the theory that the title did not pass by virtue of the ordinance, and that the rights of the parties are left to depend upon questions of prior possession, abandonment, etc., the payment of the taxes by the defendant after 1860, would not tend to prove either of the matters claimed by him. The Revenue Act of 1857 (Stats. 1857, p. 325) provides, in section three, that real estate shall be assessed to the person owning it, or having possession, charge or control of it, and to all owners and claimants known or unknown ; and it is further provided, in section four, that whenever two or more parties claim or give in a description of the same land, it shall be assessed to each party. The payment of the taxes assessed under that Act would not indicate in which one of those several capacities he acted in making the payment, for the payment may have been made by one who claimed title, but had neither title nor possession, or one who was in possession as the tenant or agent of the person having or claiming title. The act of payment of taxes being so equivocal, has no value as evidence. (*Keene* v. *Cannovan*, 21 Cal. 291.)

### Abandonment of land.

The Court correctly stated to the jury the law upon the question of abandonment, as it has been declared by this Court in many cases, among which may be mentioned : *Keene* v. *Cannovan*, 21 Cal. 293 ; *Richardson* v. *McNulty*, 24 Cal. 339 ; *St. John* v. *Kidd*, 26 Cal. 271. The first portion of the eighth instruction asked for by the defendant that " abandonment is not necessarily a question of intention," is opposed to the doctrine of the cases just cited. In one of the instructions the Court says : " In examining the question of abandonment the jury are entitled to consider any act of the parties aban-

doning· the premises proved to them satisfactorily, manifesting an intent in good faith to keep up and preserve any right of possession they may have acquired." The context shows that the language, " parties abandoning the premises," does not mean parties who had abandoned the premises, for when they abandoned the premises, their possession and all the rights springing from possession, *eo instanti*, ceased and were determined. They could do no act manifesting an interest to "keep up and preserve " a possession or the right to the possession of which they had divested themselves. It was intended as a designation of parties leaving the premises, or parties doing acts which considered by themselves would show an abandonment; and of them it was said that any act of theirs manifesting an intention to retain the possession might be considered by the jury in ascertaining whether the parties had in fact abandoned the premises. To say that abandonment is a question of intention, to be gathered from the facts of the case— the acts of omission as well as commission, of the party relying on prior possession alone—is but a repetition of the legal maxim that a man is conclusively presumed to intend the natural and probable consequences of his own acts.

### Van Ness Ordinance.

The defendant insists with great earnestness that the amount of land, the title to which passed under the Van Ness Ordinance to the person in actual possession, was limited to a single block; and says that this is apparent from the fact that the land is within the charter lines of the city, that all the lands within such limits were intended for and devoted to the erection of buildings, and that by the establishment of the charter line of 1851, the existing scheme of division into blocks was continued to that line. These considerations, it would seem, were sufficient to have induced the authorities of the city to put some restriction upon the amount, that should inure to the benefit of each of the grantees. But the point is decided against the defendant in *The City and County of San Francisco* v. *Beideman*, 17 Cal. 462, in which it is said:

"When the Act says 'the City of San Francisco relinquishes and grants all the right and claim of the city to the lands within the corporate limits, to the parties in the actual possession thereof, by themselves or their tenants, on or before the first day of January, 1855, and to their heirs and assigns forever,' and no limitation of the quantity of the land so possessed is made, we cannot add such limitations, unless we had the power to make the ordinance conform to our own views and notions, instead of determining what the city and the Legislature have done." The remarks with which Mr. Chief Justice Field closes his opinion in *Wolf* v. *Baldwin*, 19 Cal. 314, are to the same effect. We may add that the reservation in the ordinance, of lands for streets to be thereafter laid out, makes against the defendant's position, for if the grant was limited to a block, the reservation of the land for the adjacent streets was useless; and to the same effect is the limitation that not more than one twentieth of the land in the possession of one person shall be selected for public squares without due compensation; for under the defendant's construction the city would be required to make compensation in every case where the land selected was occupied, unless the land selected for the public square should be of the diminutive size of less than the twentieth part of the block.

*Constructive possession gives no title under Van Ness Ordinance.*

The defendant requested the Court to instruct the jury that "The mere fact that the plaintiffs hold under deeds describing the tract in controversy, does not in any degree extend their actual possession;" but the instruction was refused.

The instruction has relation to the claim of title, by the plaintiff under the Van Ness Ordinance, and the kind of possession required on the part of the person seeking to avail himself of the benefit of its provisions. It is agreed on all hands that actual possession, as defined in *Wolf* v. *Baldwin*, is necessary; and the object of the instruction was to state, that the constructive possession which a person acquires of one portion of a tract of land described in a deed, by virtue of his

entry under the deed into the actual possession of another portion of the tract, claiming the whole tract, does not constitute the actual possession required by the ordinance.

The doctrine announced in *Ellicott* v. *Pearl,* 10 Peters, 442, and *Hicks* v. *Coleman,* 25 Cal. 122, and kindred cases, is that one who enters into the actual possession of a portion of a tract of land, claiming the whole, under a deed describing the entire tract by metes and bounds, is not limited in his possession to that portion of which he takes the actual possession, but is deemed to have the constructive possession of the remainder of the tract, if not in the adverse possession of another at the time of the entry. The two kinds of possession that he acquires of the respective portions of the entire tract, by virtue of such entry, differ as widely in their nature, character and incidents, as does that of actual possession from constructive possession acquired by any other means. None of those cases hold that the constructive possession of one portion amounts to the same thing, for all purposes—though it may for certain purposes—as actual possession; nor that the effect of the entry under the deed extends the *actual* possession, by construction of law, beyond its real limits. To hold that the entry under color of title by deed, extends the actual possession to the limits of the entire tract, would be to assign to him a better position, in some respects, as the claimant of lands, of which he has in fact no title than the owner in fee has, who is deemed to be in constructive possession, because of his title.

In this case, conceding that there was no question as to the sufficiency of the actual possession by the plaintiffs or their grantors of that portion of the general tract, lying east of the " middle fence," to entitle them to the benefit of the Van Ness Ordinance, it became material to inquire whether they also had the actual possession of the portion situated west of the " middle fence"—the portion really in controversy—and if the principle is admitted, that such actual possession of the eastern portion was by operation of law extended over the western portion, then title could inure to them to that portion

by virtue of the ordinance, without their having held the actual possession in fact. Under the operation of that principle, the beneficial and equitable results intended by the ordinance, would in a great measure be defeated, and the ordinance, instead of passing the title to those who had occupied and improved the lands, would give preference to those who had been so fortunate as to have acquired the constructive possession of immense tracts, under deeds that were barely sufficient to give color of title.

## Statute of Limitations.

The Court refused to give the following instruction requested by the defendant: "The defendants have properly pleaded the five years Statute of Limitations. In this' case, therefore, the plaintiffs (leaving out of view the question of constructive possession, as to which you have' been already charged) cannot recover unless it appears from the evidence that the plaintiffs or their grantors were seized or possessed of the premises in question within five years next before the commencement of this action. That is, within five years next previous to the 29th November, 1862." The only portion of the premises really in controversy was the portion lying between the " middle fence" and the charter line, and as to that portion the defendant Perley—but not the other defendants—pleaded the Statute of Limitations. The insertion of the word " defendants" instead of the' " defendant Perley" was a mere clerical error. The Statute of Limitations was properly pleaded by the defendant Perley as to that portion of the premises just mentioned, and the charge of the Court—very full and clear, and, in all respects except one, quite accurate—was sufficient to cure whatever error there was in the refusal to give the charge requested, were it not for the defect alluded to.

The Court, after having charged the jury that if they found that the actual possession was in the plaintiffs or their grantors on the 1st day of January, 1855, and continuously thereafter until the 20th of June, 1855, but that such possession

was not had within five years next before the commencement
of this action, they must find for the defendant, proceeded as
follows : " But it is my duty in this connection to further
charge you, that if you find from the proofs that the plaintiffs
entered under a deed describing a larger tract than that which
they actually took possession of, but were in the actual pos-
session of the premises claimed on the 1st of January, 1855,
and continued such possession to June 20, 1855, and have
since this last date continued in the possession of a portion of
the demanded premises within five years next preceding the
commencement of this action, then the possession of such
part, under a right to the whole through the ordinance and in
virtue of a deed conveying the entire tract by specific boun-
daries, will constitute an exception to the law limiting the
remedy before announced.   If the plaintiffs obtained a title to
the whole under the Van Ness Ordinance, and entered under
a deed embracing by its boundaries the whole, and since
acquiring title under the ordinance have been in possession of
a part, claiming under their deed the whole, within five years
before suit was commenced, the Statute of Limitations does
not apply."

The rule is uniform, that title draws the possession to the
true owner—that he who holds the title is deemed in law to
have the possession of the whole tract, to which his title
extends.   The source of the title makes no difference in the
application of the rule.   If the plaintiffs or their grantors
acquired the title under the Van Ness Ordinance they must
have been in the actual possession, as prescribed in the ordi-
nance, of all the premises granted to them ; that is, they must
have had the actual possession on or before the 1st day of
January, 1855, and continued in such possession to the 20th
of June, 1855, unless " interrupted by an intruder."   It mat-
ters not how they acquired such possession, whether by entry
under a deed or in any other manner in which possession may
lawfully be obtained.   When the title passed to them under
the ordinance their rights and liabilities were the same in all

respects as they would have been had the title at that time been conveyed to them by a private person and had they thereupon entered into actual possession of all the premises conveyed. The title passing under the ordinance (assuming of course, as seems to be admitted, that the city then held the title,) became, from the moment it vested in them, their only source of right in or to the premises. Any prior constructive possession they may have held, by any means whatsoever, in the premises granted to them by the ordinance, must of neces-sity have merged in their actual possession, and thereafter they and their grantees could have such constructive posses-sion only as might grow out of matters transpiring subse-quently to the grant.

The proposition advanced in the instruction is, that the defendant could not rely on the Statute of Limitations, if the plaintiffs or their grantors, before the passage of the title to them under the ordinance, entered into actual possession of a part of the premises under a deed, claiming the whole, and continued in such possession to a period within five years before suit was brought. The proposition cannot be main-tained, unless there is something in the nature of constructive possession acquired and held by the means and in the manner mentioned, differing from that of constructive possession pro-cured in another manner, and which will preserve the premises from intrusion, or prevent the running of the statute in favor of the person who has entered into the adverse possession. We know of no ground for such a distinction, and to hold that it does exist, would place the person acquiring the construc-tive possession by his entry under color of title, in a stronger and better position to resist the adverse possessor than the one entering into the actual possession of the whole, under a deed conveying the true title—which would be contrary to both principle and authority.

### Possession required by the Van Ness Ordinance.

A large portion of the defendant's argument is devoted to the support of the ground that the evidence is insufficient to

establish the actual possession of the premises in dispute, by the plaintiffs or their grantors, as required by the Van Ness Ordinance, in order to entitle them to its benefits; but we deem it unnecessary to consider the question, because we are unable to ascertain from the general verdict whether it was found on the ground of title or prior possession; and because upon a new trial, the evidence may in some respects differ from that adduced at the first trial—and it is impossible to lay down any but very general rules that will be applicable to each case as it arises. The possession required by the ordinance is as accurately defined as it can be, in general terms, in *Wolf* v. *Baldwin.* It is there said: "It is the possession which follows the subjection of the property to the will and dominion of the claimant to the exclusion of others; and this possession must be evidenced by occupation or cultivation, or other appropriate use, according to the locality and character of the particular premises."

*Whether the facts establish possession under Van Ness Ordinance a question of law.*

It is proper to add that the facts going to show the actual possession according to the requirements of the ordinance being given or proven, it becomes a question of law, whether those facts establish the requisite actual possession to entitle the claimant to the benefits of the ordinance; and it is the right of the Court to instruct the jury on that question. It was in this view that this Court examined and passed upon matters of fact in *Wolf* v. *Baldwin* and the *City and County of San Francisco* v. *Beideman,* and held in the one case that the facts did not, and in the other that they did, show the actual possession demanded by the ordinance.

Judgment reversed and the cause remanded for a new trial.

Shafter, J., concurring specially:

I concur in the judgment and in the opinion, except as to that part relating to the admissibility of defendant's evidence that the taxes on the premises were paid by him.

SAWYER, J., concurring :

I think the record in the forcible entry suit of *Zimmerman* v. *Perley* properly rejected.

The Court refused the ninth instruction asked by the defendant, Perley, but gave it substantially in its general charge, with a further explanation which, if I comprehend its import, was in my judgment clearly erroneous. The explanation referred to is set out in full in the leading opinion and need not be repeated here. The explanation in effect informed the jury, that if the plaintiff acquired title under the Van Ness Ordinance by virtue of an actual possession for the period of time prescribed, from January 1st, 1855, to June 20th, following, and after such title vested if he was in possession of any part of the premises to which he had thus acquired title, claiming the whole, within five years before the commencement of the suit, the bar of the Statute of Limitations did not attach to any portion. Or, in other words, that if a party has a good title to a tract of land, and is in possession of any part, claiming title to the whole, such possession of a part will protect him against the Statute of Limitations as to the whole. That is to say, that there can be no such thing as acquiring an adverse possession which would set the Statute of Limitations in motion, of one half of a tract of land, while the owner is in the possession of the other half claiming title to the whole —no such thing as disseizing an owner of a part of a tract of land without disseizing him of the whole. If the Court had qualified its charge on this point by saying that if the plaintiff had at any time within five years before the commencement of the suit been in possession of a part, claiming the whole, no other party being at the time in the adverse possession of any portion, the bar of the statute would not attach, it would have been unobjectionable. But there is no such, and no equivalent qualification, and the effect of the charge as it stands is substantially as stated.

For this error I think the judgment should be reversed and a new trial had.