# APPENDIX A.

Huey vs. Van Wie and others.

[In the report of this case, found in vol. 23, Wisconsin Reports, pp. 613-619, the following opinion by Mr. Justice Paine was inadvertently omitted.]

Paine, J., dissenting. The court admits that the ordinary presumption in favor of the regularity of official action is not to be indulged in support of tax deeds, but that it is incumbent on the party claiming under such deeds to prove a strict compliance with all the statutory requirements in the tax proceedings, except so far as he may be relieved therefrom by the statute itself. In addition to the case referred to in the opinion of the court, from the 4th Wheaton, the following fully sustain that position: *Keane v. Conevan*, 21 Cal. 291, 299 ; *Hill v. Draper*, 10 Barb. 454; *Worthing v. Webster*, 45 Maine, 270 ; *Graham v. Whitely*, 2 Dutcher, 254, 262; *Townsend v. Downer's Estate*, 32 Vt. 183–190.

But, after conceding this rule, the decision of the court seems to me to rest upon a violation of it. It does presume, after all, that the contingency had happened which authorized the deputy to execute the deed instead of the principal. True, it bases this presumption on the statute relating to the effect of tax deeds. But if that statute is applicable to the deed, then there is no occasion for the doctrine of presumption at all. It is clear and explicit as to what the effect shall be. The real question therefore is, whether the statute is applicable.

I think it applicable only to deeds which on their face purport to be executed in exact conformity with it. I know the statute itself says that the deed shall not be invalidated by any error previously committed "in conveying the land." And this last phrase is emphasized by italics in the opinion of the court, seeming to imply that, even if it was an error in the deed not to show that the deputy acted in the absence of the principal, still the statute would cure the error. But I cannot think it is entitled to any such effect. It required the deed to be executed by the clerk of the board. On a certain contingency his deputy was authorized to act in his stead. But suppose a deed should be executed by the sheriff. Could it be said that this was a mere error in conveying the land, and, therefore, the statute itself cured it? Certainly not. But, if not in that case, then it would not cure an error consisting of a conveyance by the deputy under circumstances in which he was not authorized by law to act. To test this, suppose it appeared on the face of the deed itself that, at the time of its execution, the principal was himself present and able to act. According to the decisions of this court, the deputy would not then be legally authorized to execute the deed. But would the court say that this was a mere error in conveying the land, and therefore immaterial under the statute? I hardly think so; for this would be to give the absolute effect provided for in the statute to deeds which appeared on their face to be unauthorized. It would make a deed executed by an officer who had no authority as good as any other.

The law says the deed shall not be invalidated by any error "*previously*" committed, etc. This, by its grammatical construction, means previously to the deed. It may be difficult to see how any error in conveying the land *could* be committed previous to the deed. But whatever difficulty there may be in determining the true effect of this clause, it seems to me clear that it cannot have the effect to make the statute applicable to any

deed which does not purport on its face to have been legally executed.

This cannot be said to be the case with this deed. For it is executed by an officer who was only authorized to execute it on a certain contingency. And there is nothing on the face of the deed purporting to show that this contingency had happened. If the deputy had stated, in connection with his signature, that it was done in the absence of the principal, the deed would then have appeared on its face to be entirely legal. For, although there is no statute prescribing what effect, as evidence, such a statement would have, yet, without any statute, it would, from its inherent nature, be evidence of what the deed purported. And when, according to its purport, it appeared to have been executed in entire conformity to law, the statute prescribing the effect of such deeds would have been applicable. But now the deed does not so purport. True, the officer executing it may have been authorized, but it is equally true that he may not. It is absolutely necessary to presume something in order to make it a legal deed. But this, as we have seen, cannot be done. It must, therefore, remain a deed which does not purport to have been executed by an officer authorized at the time to act, and consequently not such a one as was within the meaning and spirit of the statute prescribing the effect of tax deeds. So far as the question here involved is concerned, I think there is no difference between a deed which affirmatively appears on its face to have been unauthorized, and one which fails to show on its face that it was authorized.

The judgment should be reversed.