## MILSAP et al. *v.* STONE.

PRACTICE — *objection to witness.* An objection to a witness, upon the ground of interest in the event of the suit, cannot be made after he has been sworn in the cause.

POSSESSION — *prima facie evidence of ownership.* Possession of a tract of land, by a party claiming to be the owner in fee, is *prima facie* evidence of ownership.

EVIDENCE *as to the extent of plaintiff's claim.* If the plaintiff in ejectment relies upon prior possession as evidence of title, a deed of the premises from one not shown to have had, at the date of its execution, either title or possession, is admissible evidence, in connection with proof of entry and occupation under it, to show the extent and boundaries of the premises claimed.

EVIDENCE — *presumption as to continuance of tenancy.* Where it is shown that a tenancy exists, in absence of evidence to the contrary, it will be presumed to continue as long as the tenant remains in possession.

LANDLORD AND TENANT — *A tenant is estopped* to deny his landlord's title.

In an action of ejectment against a tenant in possession, and a third party to whom the tenant has attorned, a deed from the probate judge of Arapahoe county, made to such third party during the continuance of tenancy, will not defeat the landlord's recovery.

VOL. II.— 18

*Appeal from District Court, Arapahoe County.*

ELIZABETH STONE brought ejectment against William Milsap, to recover the possession of lots 15 and 16, in block 22, in the east division of the city of Denver. One trial was had, and the judgment set aside upon payment of costs. Thereafter, Edward Chase and Ellen P. Heatley, and several infant heirs of Francis P. Heatley, deceased, were admitted to defend with the said Milsap. Upon the second trial, plaintiff gave in evidence a deed dated March 7, 1866, from Frank Ripley and Phebe, his wife, conveying the lots mentioned, to plaintiff. She also produced testimony tending to prove that in the year 1867, the defendant Milsap took possession of the premises as her tenant, and that he had from time to time thereafter paid rent to her; that he had continued in the occupation of the premises up to the time of trial, which was in the month of May, 1872; that there was a house upon the premises, and that the lots were inclosed with a board fence at the time she purchased from Ripley, which house had been occupied by Milsap. The plaintiff was called as a witness, and after she had been sworn in chief, counsel for defendant asked that she be sworn upon her *voir dire*, which was denied. Counsel then objected, that she was not competent to testify under the act of 1870 (8 Sess. 63), as some of the defendants were infants; the objection was overruled, and the witness was permitted to testify. Defendants gave in evidence a deed from Jacob Downing, probate judge of Arapahoe county, to the defendant Chase, for the same property, dated March 6, 1868, which it will be observed was after Milsap had entered upon the premises as tenant to plaintiff; defendants also gave in evidence a lease of the same premises from the defendant Chase to the defendant Milsap, dated 26th of September, 1870, and for the period of six months. There was no evidence to show occupancy by any of the defendants except Milsap.

Mr. L. B. FRANCE and Mr. M. A. ROGERS, for appellants.

Mr. M. BENEDICT and Mr. E. L. SMITH, for appellees.

BELFORD, J. The first error assigned is the admission of the appellee as a witness in her own behalf. It is only necessary to say that no objection was made until after she was sworn. This was too late, the rule being that objection to the competency of witnesses must be made as soon as the opportunity to present it occurs, and failure to make it, at that time, must be considered as a waiver. *Donaldson* v. *Taylor*, 8 Pick. 390; *Snow* v. *Batchellor*, 8 Cush. 513; 1 Starkie on Ev., §§ 123–4.

It is further objected that the appellee's claim of title in fee set out in the declaration is not sustained by the proof. The evidence shows that Mrs. Stone purchased this property on the 7th day of March, 1866, from Frank Ripley, and entered into the possession of the same. Although it does not appear that a patent had ever been obtained from the United States, yet we take it to be well settled that in actions of ejectment and for injuries to the inheritance, the possession of a tract of land by a party claiming to be the owner in fee is *prima facie* evidence of his ownership and seizin of the inheritance, and throws upon his adversary the burden of rebutting the presumption thus raised. *Richard* v. *Williams*, 7 Wheat. 59; *Keane* v. *Cannovan*, 21 Cal. 291; *Davis* v. *Easly*, 13 Ill. 198.

It is further claimed that the deed from Ripley to the appellee was inadmissible, because it was not shown that at the time it was executed, Ripley was in possession of this property. The evidence is not very clear on this subject. It appears, however, that at a time anterior to the execution of this deed, Ripley was in possession, and in the absence of proof, we must presume that his possession continued until the making of this conveyance. The deed was properly admitted for another purpose. Where the plaintiff in ejectment relies upon prior possession as evidence of title, a deed of the premises to her from one not shown to have had, at the date of its execution, either title or possession,

is admissible evidence in connection with proof of entry and occupation under it to show the extent and boundaries of the premises of which possession was claimed. *Keane* v. *Cannovan*, 21 Cal. 291. It is insisted, however, that the plaintiff should not be allowed to recover, because Chase had a deed to this property from Downing. But little weight can be attached to this conveyance, as the evidence shows that Milsap entered into possession as a tenant to Mrs. Stone. He paid her rent and recognized her as his landlord. It is true that he afterward attorned to Chase and took a lease from him, but this cannot be allowed to affect the rights of the appellee. A tenancy once created is presumed to continue so long as the tenant remains in possession. *Wheelock* v. *Warschauer*, 21 Cal. 316. A tenant is estopped to deny his landlord's title during the existence of the tenancy. If he desires to set up title in somebody else he must surrender his lease and abandon his possession. The tenant may always show that his landlord's title had expired, or that he has sold his interest in the premises, or that it is alienated from him by judgment and operation of law, providing the tenancy has been determined or expired, but until this happens he cannot be heard to question his landlord's title. Nor is Chase in any better position. Milsap could enter into no arrangements with Chase that would impose on this land any burden or diminish any rights the appellee had. To permit such an arrangement would be to give our sanction to any collusion or fraud which a tenant might desire to engage in or practice. If Chase has title to this property he must assert it through some other channel than the tenancy of Milsap.

It is proper to allude to an objection made in connection with the deed from Ripley to Mrs. Stone. In addition to the acknowledgment which was taken before a proper officer, the execution of the deed is attested by certain witnesses and it is claimed that these witnesses should have been called to prove its execution. There is nothing whatever in this objection. Section 19, R. S., page 212, provides for the admission in evidence of deeds acknowledged before

competent officers. The acknowledgment in this form is sufficient without additional proof.

There are some other errors assigned, but no notice is taken of them by counsel, and we do not deem it necessary on that account to examine them.

*Affirmed.*