[No. 5532.]

## S. A. STONE v. THE GEYSER QUICKSILVER MINING COMPANY.

| | |
|---|---|
| 52 | 315 |
| 81 | 405 |
| 52 | 315 |
| 125 | 444 |

ABANDONMENT OF MINE. — In the trial of an issue as to whether mining ground had been abandoned by the plaintiff before the defendant's entry, the fact that the defendant *believed* the mine had been abandoned by the plaintiff when he entered is not to be taken into consideration by the jury in determining the issue.

IDEM. — The question of abandonment can never arise except where there has been possession, and then the question is simply whether the possessor intended to return, and whether he intended to return in good faith or bad faith.

IDEM.—It is erroneous for the Court to instruct the jury that they are authorized to find the fact of abandonment from the existence of other facts.

RIGHT OF JURY TO PASS ON FACTS.—It is erroneous for the Court to instruct the jury that they are authorized to find a fact from the existence of other facts.   This is different from telling the jury that the existence of a fact tends to prove another fact.

APPEAL from the District Court, Seventh Judicial District, County of Sonoma.

Ejectment to recover possession of a tract of quicksilver mining claims, in Sonoma County.   The testimony tended to show that the plaintiff and a number of other persons located the

ground for quicksilver mining in 1860, and entered into posses-sion of the same, and performed labor thereon. The plaintiff had acquired the title of the others, and commenced this suit in October, 1874. The defendants entered upon the ground about the year 1871, and claimed it for the same purpose. One of the issues was whether, prior to the defendants' entry, the plaintiff had abandoned the ground. The defendants had judgment, and the plaintiff appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*David S. Terry, John Nugent,* and *Calhoun Benham,* for the Appellants.

Defendants' instruction directed the jury to consider all the plaintiff's acts indicating an absence of intention to preserve his rights. It should have authorized the jury to consider, along with other things, all acts showing an intention not to preserve his rights. It shifts the *onus.*

It is a negative pregnant. It gives the jury the Court's per-mission to look only at acts making against the plaintiff, and to ignore everything in his favor.

It also authorized an inquiry on the part of the jury that was altogether officious. It told them the evidence should not only affirmatively show the *animus revertendi,* but it must go farther and show that the plaintiff was going to return *to work the mine.* As a matter of course, no such proof of the object of return was necessary. When a miner returns to his mine, all inquiry as to abandonment ends; if he does not work it, the default is another matter, and to be treated according to the rules concern-ing work.

The instruction is, also, in substance, that every seeming abandonment is real.

The question of abandonment never even arises until there is an appearance of abandonment, and, according to the instruc-tion, whenever it arises, it is to be determined conclusively against the party who goes off the ground, *by force of the cir-cumstances that raised it.*

The question of abandonment was properly left to the jury. (*Davis* v. *Perley,* 30 Cal. 636; *Stockoe* v. *Singers,* 8 El. & B. 31; *Crossly* v. *Lightowler,* L. R. 3 Eq. 291; *Fuentes* v. *United States,* 22 How. 460; *Gluckauf* v. *Reed,* 22 Cal. 468.)

These cases show that when the possession is relinquished, the *animus revertendi* must be openly manifested, and must be an intention, not merely to hold on to a claim of right, but in good faith and within a reasonable time to resume possession and beneficial enjoyment—and so are all the analogies. (*Snedicker* v. *Waring,* 2 Kern. 170; *Wadleigh* v. *Janovin,* 41 N. H. 512; *Yate* v. *Blackburn,* 48 Miss. 1; Taylor, L. & T. sec. 552; *Ellis* v. *Page,* 1 Pick. 48; *Davis* v. *Kelly,* 14 Iowa, 523.)

It was enough if the plaintiff so conducted as to create such an appearance of abandonment that others, acting in the *reasonable* belief that there was an abandonment, altered their position; at least, from such acts the jury are *authorized* to infer abandonment. (Angell on Highways; 1 Man. & G.; 8 El. & B.; L. R. 3 Eq. and other cases.)

By the COURT:

The District Judge charged the jury: "In examining the question of abandonment, the jury should consider all acts of the parties charged with abandoning, satisfactorily proven to them, and manifesting the absence of an intention *in good faith* to keep up and preserve any right of possession they may have acquired.

"Abandonment is a question of intention, to be gathered from the facts of the case, the acts of omission as well as commission of the party relying on prior possession alone, and every man is conclusively presumed to intend the natural and probable consequences of his own acts. The lapse of time is a material element in abandonment, as is also the delay of the first occupant in asserting his claim to the possession against parties subsequently entering upon the premises and relocating.

"When it is said that a party does not abandon if he intends to return, it is meant that he intends in good faith to return and develop his mine and appropriate it to its proper uses.

" If the jury believe from the evidence that the plaintiff or his grantors left the premises in controversy vacant and unoccupied for a series of years, and during that time exercised only casual acts of ownership upon the claims at long intervals, and that during that time no actual work was done toward working or developing the mine, either upon or in proximity to the claims, and that the defendants, finding the ground apparently abandoned, entered upon and located the same in pursuance of the mining laws of the district and the laws of Congress, and have continued to comply with said laws, and have, in good faith, reasonably believing said ground had been abandoned, expended large sums of money in developing said mines, then you are authorized to find the fact of abandonment."

The charge cannot be sustained.

The jury were informed that they were at liberty to rest a finding of abandonment—in part, at least—upon the circumstance, if proved, that defendant " reasonably believed " the mining ground to have been abandoned. It is impossible to determine how far the jury were influenced to find an abandonment by the evidence tending to show the *belief* of the members of the corporation defendant.

But, independent of this, the charge was erroneous in suggesting that there might be an intention to return to the personal occupation *in bad faith.* The question of abandonment can never arise except where there has been possession, and then the *animus revertendi* is the simple test. The inducement which keeps alive the purpose to return cannot affect the decision of the question of abandonment.

The charge was also erroneous in that the Court informed the jury that a presumption of fact was created by the proof of other facts. Such was, in effect, the instruction that, if certain facts were established, the jury would be authorized to find an abandonment. It is erroneous for the Court to charge that the existence of facts developed in the evidence " raises a reasonable presumption " of the existence of another fact. (*People* v. *Walden,* 51 Cal. 588.) To say to the jury that they would be authorized to find a fact because of the existence of another, is but saying, in another form, that the existence of the latter

raises the reasonable presumption of the existence of the former, since the jury can find the former only as a presumption from the existence of the latter.

It is a very different thing from saying that one fact *tends to prove* another. It is the duty of the Court to pass upon questions as to the admissibility of evidence, but it is solely the province of the jury to determine questions of fact, and this includes the duty of ascertaining the existence of a fact from the existence of other facts, without the aid of any rule of law. (1 Greenl. on Ev. 48.)

Judgment and order reversed, and cause remanded for a new trial.