[No. 11894. In Bank.—November 30, 1889.]

HIRAM H. SCOTT, RESPONDENT, v. SAMUEL A. WOOD, APPELLANT.

NOTICE OF INTENTION TO MOVE FOR A NEW TRIAL—RECORD ON APPEAL.— The notice of intention to move for a new trial is not a part of the record on appeal, and need not appear therein.

BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE—PRIMA FACIE CASE.— The burden of producing a preponderance of evidence is upon the party who has the affirmative of the issue, and remains upon him throughout the trial. It is a different thing from the burden of making or meeting a *prima facie* case, which latter burden may shift back and forth in the course of the trial.

AFFIRMATIVE OF THE ISSUE—MATTERS OF SUBSTANCE—TRAVERSE IN AFFIRMATIVE FORM.—In ascertaining who has the affirmative of the issue, matters of substance, and not matters of form, should control. The fact that the traverse is in an affirmative instead of a negative form is immaterial.

PRESUMPTION OF CONTINUANCE OF FACT.—It is error to instruct the jury that a fact once shown to exist is presumed to continue until the contrary is shown. The true rule is, that a fact once shown to exist is presumed to continue as long as is usual with things of that nature.

ID.—QUESTION FOR JURY—CHARGE AS TO INFERENCE OF FACT.—The court cannot say, as a matter of law, that the salary of a salesman continues during several years at the rate at which it began. The jury might infer that it did, if they chose to do so, under all the circumstances; but it is error for the court to instruct them that they must do so, unless the contrary is shown.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Horace W. Philbrook,* for Appellant.

*G. E. Harpham,* for Respondent.

Hayne, C.—This action was brought to recover under a contract between the plaintiff and the firm of Hobart, Wood & Co. for services as salesman. Pending the action Hobart died, and the case was continued against Wood as surviving partner. The plaintiff had a verdict, and the defendant Wood appeals from the judgment, and from an order denying a new trial.

The respondent makes a preliminary objection to the record on appeal from the order denying a new trial, upon the ground that it does not show a notice of intention. This objection must be disallowed upon the authority of *Pico* v. *Cohn,* 78 Cal. 384, which overrules the cases relied upon. Besides this, the points made can be considered on appeal from the judgment, and the statement used on the motion for a new trial is a record on appeal from the judgment. (Code Civ. Proc., sec. 950; *Craig* v. *Fry,* 68 Cal. 364.) There are several errors which require a reversal of the judgment.

1. The recovery sought was for services which continued for several years. The complaint alleges that "on or about the third day of July, 1869, at the city and county of San Francisco, said defendants employed plaintiff as a salesman, and agreed to pay plaintiff for such services the sum of $250 per month; that under said employment and agreement the plaintiff entered into the services of the defendants on said third day of July, 1869, and from that time forward continued in their service under said employment without intermis-

sion until the first day of April, 1885; that during all of said time the plaintiff was actively and continuously performing services for the defendants as their salesman under said contract of employment." The complaint further alleged that there was a balance due to plaintiff, on account of said services, of $755.78, which remained unpaid. The answer averred affirmatively that about the beginning of 1870 it was agreed that the salary should be $200 a month, and denied "that at any time subsequent to the agreement last herein aforesaid there was or existed any agreement of defendants to pay plaintiff for said services any greater sum than $200 per month"; and denied that anything remained unpaid.

The case turned upon the question whether, during a portion of the period in which the plaintiff rendered services, his salary was $200 or $250 per month. Upon this question the evidence was conflicting. The defendant testified that the salary had been fixed at $200 a month in the beginning of 1870, and the plaintiff testified that it had not. The court instructed the jury in relation to the matter as follows: "The jury are instructed that the defendants admit employing the plaintiff on July 3, 1869, at the rate of $250 per month, and that he worked for them continuously until the first day of April, 1885; and that the burden of proof is upon the defendants to show that plaintiff's compensation was changed; that unless the defendants establish *by a preponderance of testimony* that plaintiff, in 1870, or at some other time, agreed to work for the defendants during the years 1870 and 1871 at the monthly compensation of $200, then they must find for the plaintiff." This was excepted to, and is specified as error.

We think that the court erred in telling the jury that the defendant was required to have a preponderance of testimony upon the question mentioned.

The term "burden of proof" is used in different senses. Sometimes it is used to signify the burden of

making or meeting a *prima facie* case, and sometimes the burden of producing a preponderance of evidence. These burdens are often on the same party. But this is not necessarily or always the case. And it is by no means safe to infer that because a party has the burden of meeting a *prima facie* case, therefore he must have a preponderance of evidence. It may be sufficient for him to produce just enough evidence to counterbalance the evidence adduced against him. This is illustrated by a very common case. Suppose that upon an issue as to the performance of a contract sued upon the plaintiff should testify to facts showing non-performance. In such case, if the defendant produced no evidence, the plaintiff must prevail. This is often expressed by saying that the burden has shifted to the defendant. And so it has in one sense. But suppose that the defendant should take the stand and deny the truth of the facts testified to by the plaintiff,— oath being opposed against oath. Would it be correct to say that the defendant must have a preponderance of evidence? It most certainly would not. And this, though the "burden of proof" had been transferred to him. Nor would it be correct to say that the burden had "shifted back" to the plaintiff, if the burden of producing a preponderance of evidence was meant. For that never was on the defendant. The two burdens are distinct things. One may shift back and forth with the ebb and flow of the testimony. The other remains with the party upon whom it is cast by the pleadings,—that is to say, with the party who has the affirmative of the issue.

The distinction is illustrated by the case of *People* v. *Bushton,* 80 Cal. 160. There it was held that while, if the prosecution proved a *prima facie* case, "the burden" is upon the defendant to produce evidence tending to show a defense, yet that when this was done, the rule that guilt must be proved beyond a reasonable doubt applied to every part of the case, and consequently that if

the evidence of the defendant raised a reasonable doubt,
he was entitled to an acquittal. And the distinction has
been expressly recognized in other states. In *Central
Bridge Company* v. *Butler*, the supreme court of Mas-
sachusetts, per Bigelow, J., said: "The burden of proof
and the weight of evidence are two very different things.
The former remains on a party affirming a fact, and does
not change in any aspect of the cause; the latter shifts
from side to side in the progress of a trial, according to
the strength and nature of the proofs offered in support
or denial of the main fact to be established." (2 Gray,
132.) So in *Heinemann* v. *Heard*, the court of appeals
of New York, per Church, C. J., said: "During the
progress of a trial, it often happens that a party gives evi-
dence tending to establish his allegation, sufficient it
may be to establish it *prima facie*, and it is sometimes
said that the burden of proof is then shifted. All
that is meant by this is, that there is a necessity of evi-
dence to answer the *prima facie* case, or it will prevail,
but the burden of maintaining the affirmative of the
issue involved in the action is upon the party alleging
the fact which constitutes the issue, and this burden re-
mains throughout the trial." (62 N. Y. 455.) And so
in other cases. (See *Clark* v. *Hills,* 67 Tex. 141; *Atkinson*
v. *Goodrich Co.,* 69 Wis. 13 et seq.; 50 Am. Rep. 352; *Pow-
ers* v. *Russell,* 13 Pick. 76; *Morgan* v. *Morse,* 13 Gray, 152;
*Nichols* v. *Munsel,* 115 Mass. 567; *Tarbox* v. *Eastern
Steamboat Co.,* 50 Me. 345; *Small* v. *Crowley,* 62 Me. 157;
16 Am. Rep. 410; *Shepardson* v. *Perkins,* 60 N. H. 77;
*Blodgett* v. *Cummings,* 60 N. H. 116; *Atlas Bank* v. *Doyle,* 9
R. I. 78; 98 Am. Dec. 368; *Manistee Bank* v. *Seymour,* 64
Mich. 72.)

    In the present case we think that the learned judge
of the trial court fell into error from overlooking the
distinction above pointed out. Why was the defendant
required to have a preponderance of evidence? Did he
have the affirmative of the issue? We think not. The

plaintiff had received money sufficient to discharge his claim if the rate of wages was two hundred dollars a month. His position was, that the rate was $250 a month. It was necessary to his case that the continuance of the latter rate through the period claimed, or some part of it, should be established. If that rate did not so continue, he could not recover. The continuance of the higher rate being an essential fact in his case, the rules of pleading required him to allege it in his complaint. If he had alleged it categorically, and the defendant had denied it explicitly, it would have been entirely clear that the plaintiff had the affirmative of the issue. If anything further than the mere statement of such pleadings be required to show this, it is found in the test ordinarily used, and said to be conclusive, and embodied in our statute, viz.: Which side would be successful if no evidence at all were introduced? (See 1 Best on Evidence, Morgan's ed., p. 268; 1 Phillips on Evidence, 4th Am. ed., p. 812; Code Civ. Proc., sec. 1981.)

Now, the pleadings here are in substance the same as above stated. And it is the substance which must control on this question, and not the mere form. (1 Greenl. Ev., 13th ed., p. 74; 1 Best on Evidence, Morgan's ed., p. 372.) If the complaint be defective, the defects may, in view of the absence of a special demurrer, be overlooked. But the plaintiff is in no better position than he would be in had the pleading been free from defect. The complaint was not drawn with absolute precision. It alleged that the defendants employed the plaintiff at $250 per month, and that plaintiff "continued in their service under said employment" for a certain time, and rendered services "under said contract of employment." But it does not allege that it was agreed that the rate of wages at which the services commenced was to continue throughout the whole period; and it does not state categorically that said rate did so continue. And it might, perhaps, be argued that the phrase "under said employment"

was somewhat uncertain in meaning. But we treat the complaint as sufficiently alleging that the rate did, in fact, continue as it commenced. This essential allegation was put in issue by the answer. It averred affirmatively a different agreement made shortly after the one stated in the complaint, and denied that there was any subsequent agreement. This was sufficient to raise an issue as to the continuance of the rate alleged. The fact that the traverse was affirmative, and not purely negative in form, did not destroy its force nor change its essential nature. (*Frisch* v. *Caler*, 21 Cal. 75; *Murphy* v. *Napa County*, 20 Cal. 497; *Woodworth* v. *Knowlton*, 22 Cal. 168; *Gilman* v. *Bootz*, 63 Cal. 120.) The issue, though lamely made up, was the same in substance as if it had been made up with absolute precision.

The only possible theory upon which it could be claimed that the pleadings cast the affirmative upon the defendants is, that the answer admits that the rate *commenced* at $250, and that it must be inferred that it continued unchanged. But as above shown, its continuance is put in issue. *As a matter of evidence*, it may be true that the continuance of the rate was to be inferred in the absence of any evidence to the contrary. But when evidence to the contrary was adduced, there was no reason for saying that the defendant must have a preponderance of testimony. So to say is to overlook the distinction between the burden of meeting a *prima facie* case and the burden of producing a preponderance of evidence.

2. The court instructed the jury that "when a fact is once shown to exist, the law presumes it to continue until the contrary is shown." This was excepted to and was specified as error. We think that it was error. There is no such presumption regardless of the nature of the fact. Suppose that a man was shown to be living at a certain time; would it be presumed that he continued to live for a hundred years? Or suppose that

a man was shown to be insolvent at a particular time; would it be presumed that the insolvency continued through several years? In *Coghill* v. *Boring,* 15 Cal. 219, the court, per Baldwin, J., said: "It does not follow because a man is insolvent on one day that he was insolvent at any subsequent or antecedent period." The true rule, and the one established by the Code, is, that the presumption is that "a thing once proved to exist continues *as long as is usual with things of that nature.*" (Code Civ. Proc., sec. 1963, subd. 32; and compare *Lux* v. *Haggin,* 69 Cal. 418.) In view of the evidence, the effect of the instruction was, that the court told the jury that they must find that the rate of wages continued through several years at $250 per month, unless there was evidence to the contrary. But we do not think that the employment of a salesman at $250 per month is a thing of such a nature that the court can say, *as a matter of law,* that it continued for several years unless the contrary was proved. The continuance of the employment at the rate mentioned might be inferred as a fact by the jury under the circumstances. But under our system the court is not allowed to instruct the jury as to what inference of fact they are to draw. (*Stone* v. *Geyser G. M. Co.,* 52 Cal. 318; *McNeil* v. *Barney,* 51 Cal. 604; *People* v. *Walden,* 51 Cal. 589.)

3. As the case must go back for a retrial on account of the errors above noticed, there are several observations which we think should be made.

It was probably error for the court to allow the plaintiff's counsel to argue to the jury, against the protest of the defendants, that the offer of one of the then partners to pay a certain sum and counsel fees in settlement of the claim was an admission that something was due. It is true that the testimony as to the offer came in without objection. But the statute expressly says that "an offer to compromise is not an admission that anything is due." (Code Civ. Proc., sec. 2078.) The

failure to object to the admission of evidence can hardly make that an admission which the law expressly declares is not so. And our impression is, that the court ought not to have allowed counsel for plaintiff, against the protest of defendant, to argue that the offer was an admission. And it did not improve matters that the court told the jury, in substance, that they must disregard the offer if they thought it was an offer to compromise. For that was a question for the determination of the court itself. But as the question will probably not again arise, it is unnecessary to express a positive opinion in regard to it, further than to say that in our opinion the offer was an offer to compromise.

The instruction at folios 66 and 67 requested by defendant, was not quite accurate. The conversation there detailed would not of itself have effected a change in the rate of wages. But if, after the conversation, the plaintiff remained in the employment, his remaining would be taken as an assent to the change of wages. This was probably the idea of the court in adding a clause to the instruction requested. The language of the modification, however, is perhaps not sufficiently clear, when taken in connection with what preceded it.

The instruction at folio 73 was correct. It might have been more specific as to what constituted an appropriation (Civ. Code, sec. 1479, subd. 1), but if the defendant desired to have it more specific, he should have requested an instruction on that point.

We advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

FOOTE, C., and BELCHER, C. C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded for a new trial.

Thornton, J., concurring.— I concur in the judgment of reversal, but on the sole ground that the court erred in refusing to permit testimony of the witness Wood as to Hobart's state of mind on the days just previous to and just preceding the day of the conversation with Scott. (See *Estate of Toomes,* 54 Cal. 516, and cases there cited.) The above is the only error I can find in the record.

Beatty, C. J., and Paterson, J., dissenting.— We dissent. The two instructions quoted by Commissioner Hayne may have been technically inaccurate, but as applied to the point in controversy in this case, and as they must have been understood by the jury, they were scarcely erroneous, certainly not injurious.

It was agreed that plaintiff commenced work at $250 per month, and that he continued in his employment right along. In the absence of any evidence to the contrary, the presumption certainly would be that the rate of wages continued as it began. And if the evidence as to a reduction of the rate while the employment continued was exactly in *equilibrio,* the finding should have been against such change.

This was all the instructions could have been understood to mean, and in this sense they were not erroneous.

The judgment and order appealed from should be affirmed.