## PEOPLE v. CROWL.

### No. 20,965; December 1, 1893.

#### 34 Pac. 860.

**Criminal Law—Presumption.—An Instruction, in a Prosecution** for assault with intent to commit rape, that a presumption is a deduction which the law expressly directs to be made from particular facts, and unless this is controverted by other facts the presumption will control, and that among such presumptions is one that an unlawful act was done with an unlawful intent, is proper, the instruction not relating to deductions of fact to be drawn by the jury.

**Criminal Law—Intent.—An Instruction That an Intention is** manifested by the circumstances connected with the offense and the sound mind and discretion of the accused does not assume any fact.

**Criminal Law.—Instructions Telling the Jury of Their Duty** to convict if the evidence satisfies them of defendant's guilt, though not erroneous, are better omitted.

APPEAL from Superior Court, Modoc County; C. L. Claflin, Judge.

J. G. Crowl was convicted of assault with intent to rape and appeals. Affirmed.

Goodwin & Stewart and W. N. Goodwin for appellant; E. E. Copeland, D. W. Jenks and Attorney General Hart for the people.

SEARLS, C.—J. G. Crowl, the appellant, was indicted for the crime of an assault with intent to commit rape upon one Ida Trybschenck, a female child under ten years of age, and upon trial was convicted as charged. The appeal is from the judgment, and the cause comes up on the judgment-roll, without any bill of exceptions. At the trial the court, at the re-

quest of the prosecution, among other instructions to the jury, gave the following: "No. 3. A presumption is a deduction which the law expressly directs to be made from particular facts; and, unless this presumption is controverted by other facts, the jury is bound to find according to such presumption. Among such presumptions are the following: (1) That an unlawful act was done with an unlawful intent. . . . . No. 4 An intention is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused. All persons are of sound mind who are neither idiots nor lunatics, nor affected with insanity. No. 5. The jurors are the sole judges of all questions of fact, and of the credibility of witnesses. But you are not at liberty to disbelieve the evidence as jurors, if you believe it as men. You are not to throw aside any considerations connected with the testimony, which would be brought to bear in your judgment as men, simply because you are now jurors. While you are to be prudent and cautious, and to give the defendant the benefit of every reasonable doubt, you are not to hesitate in the performance of your duty by reason of any peculiar method of considering testimony or evidence, which you may think belongs to you as jurymen, but which would not belong to you as men. If you are entirely satisfied from the evidence of the guilt of the defendant, your verdict should be 'Guilty,' . . . . No. 7. If the evidence entirely satisfies you of the guilt of the defendant, you can have no choice, but must find him guilty. Following the pathway of the evidence, you can turn neither to the right nor to the left, but must accept the conclusions to which the facts lead; and you should remember that it is not the juror, but the law, that inflicts the punishment. . . . . No. 9. If the facts entirely satisfy you of the defendant's guilt, you must convict him. In such case no consideration of pity or mercy can influence you. With the consequences which may attend conviction you have nothing to do. They rest upon others." Appellant argues that these instructions do not correctly enunciate the law as applicable to the case.

Instruction No. 3 is taken almost bodily from sections 1959, 1961, and subdivision 2 of section 1963 of the Code of Civil Procedure, and was alike law and applicable to the case in hand. The instruction did not relate to deductions of fact

which are to be drawn by the jury, but to presumptions of law which come within the province of the court. The instruction is not inimical to the doctrine of People v. Walden, 51 Cal. 589, Stone v. Mining Co., 52 Cal. 318, and Scott v. Wood, 81 Cal. 405, 22 Pac. 871.

The fourth instruction, as to intention, was correct, and did not, as appellant argues, assume any fact. It embodied a legal principle applicable to all persons charged with crime.

The fifth, seventh and ninth instructions related mainly to the duties of jurors in the consideration of criminal cases. Unless there is an apparent necessity therefor, it would seem better in all cases for the prosecution to rely upon the good sense of jurors to do their duty under such circumstances, subject to such explanations as to the scope of their responsibilities as may properly come within its sphere in the argument of the cause. The tendency to ask too many instructions on the part of the prosecution is everywhere apparent. We cannot say the instructions now under consideration are positively erroneous, but, at the same time, think it would have been better to have omitted them.

The tenth instruction, which we have not set out, is an exact copy of the instruction given in People v. Cronin, 34 Cal. 195, in relation to the effect to be given to the testimony of a defendant when a witness in his own behalf, and found on pages 195 and 196 of that case. The objection to this instruction has been often made and as often overruled. It matters not what our views would be on the subject were the question here for the first time. Repeated adjudications have placed it beyond the realm of discussion. The judgment appealed from should be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.