## Chicago City Railway Co v. Catherine Catlin.
## Same v. William E. Catlin.

1. CARRIERS—*The Rule as to Presumption of Liability for Injury to Passengers Stated.*—If an injury to a passenger is caused by apparatus wholly under the control of a carrier and furnished and applied by it, a presumption of negligence on its part is raised, but it is only when the injury occurs from the abuse of agencies within the carrier's power that

it can be inferred, from the mere fact of the injury, to have acted negligently.

2. INSTRUCTIONS—*Accuracy Required in Close Cases.*—In closely contested cases, especially where, on the record, the verdict seems to be against the preponderance of the evidence, the instructions on behalf of the successful party must be accurate.

**Trespass on the Case**, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 6, 1897.

WILLIAM J. HYNES and SAMUEL S. PAGE, attorneys for appellant.

MALCOLM DALE OWEN and SETH F. CREWS, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

For injuries to the appellee in the first above entitled cause, suffered, as she alleged, by being thrown from a car of the appellant in which she was being carried as a passenger, she brought suit and recovered; and the appellee in the second above entitled cause, husband of the first mentioned appellee, brought suit for the alleged loss of society and assistance suffered by him because of the injuries alleged to have been sustained by her in the same accident, and also recovered, and from such judgments these appeals are prosecuted.

Both cases were, by stipulation of parties, tried at the same time before the same judge and jury, on the same evidence, and on the same instructions, but as separate cases, each having a separate verdict, motion for new trial and judgment, and come here by separate appeals but upon one record.

The judgment in favor of Catherine was for $10,000 and that in favor of William was for $3,000.

We need not review the evidence.

The appellees' claim, as stated in the declarations, is that

the car in which Catherine was riding had stopped for her to alight, and while she was in the act of alighting, suddenly started up and threw and injured her.

The appellant's claim is that while the car was slowing up for the purpose of stopping to permit Catherine to alight, and before it had stopped, she hastily and negligently stepped off into a wet and slippery place, and was overthrown by her own carelessness.

The first instruction, given at the request of appellees, was as follows:

" 1.   The court instructs the jury: That if you believe from the evidence, that the plaintiff received the injury complained of while riding on the cars of the defendant, and that at the time of such injury, the plaintiff was in the exercise of reasonable care and caution to prevent such injury, then the presumption is, that the accident or injury occurred through the fault or neglect of the defendant's servants, and the onus is on the defendant company to show by a preponderance of the evidence that it was not negligent in the operation of its said cars at the time of said injury."

An instruction better calculated to mislead an honest, impartial jury, anxious to do their duty, and believing it to be their duty to obey the law as the court might declare it to be, could hardly have been given.

It was the appellant's position that she, appellee, did receive the injury " while riding," *i. e.*, while the cars were in motion.

Literally she received the injury after she was on the ground, and it is perhaps too strict to say that the word " riding " could not be applied to being on the car after it stopped.

Omitting criticism upon the use of the word "reasonable " instead of ordinary (Ill. Cent. R. R. v. Noble, 142 Ill. 578), then the instruction, in effect, told the jury that if the act of stepping from the car while it was in motion was not inconsistent with the exercise of reasonable care and caution—which, as probably most of the jurors were in

the possession of ordinary physical activity, they might easily have believed—"then the presumption is that the accident or injury occurred through the fault or neglect of the defendant's servants."

That clause being followed by the "onus," of which there is no presumption that the jury knew the meaning, is not thereby relieved of its vicious feature.

The fault is much the same as in City of Chicago v. Morse, 33 Ill. App. 61.

Although courts have not always guarded the language in which the doctrine of presumptions against passenger carriers has been expressed, yet the meaning has always been clear that the doctrine is as stated in N. Y. C. & St. L. R. R. v. Blumenthal, 160 Ill. 40: "If the injury to a passenger is caused by apparatus wholly under the control of the carrier and furnished and applied by it, a presumption of negligence on its part is raised," quoted from page 48 of that case.

"It is only when the injury occurred from the abuse of agencies within the defendant's power that he can be inferred, from the mere fact of the injury, to have acted negligently."

Wharton Negl., Sec. 661, referred to with approval in North Chi. St. Ry. v. Cotton, 140 Ill. 486; Chicago City Ry. Co. v. Rood, 163 Ill. 477.

In all the cases in which general language is used, the special facts of the cases—as in G. & C. N. R. R. v. Yarwood, 15 Ill. 468—supplied the qualifying words.

In closely contested cases—especially where on the record the verdict seems to be against the preponderance of the evidence—the instruction on behalf of the successful party must be accurate. Craig v. Miller, 133 Ill. 300.

The judgments are reversed and the causes remanded.