[L. A. No. 1162. Department Two.—September 13, 1902.]

# MARY C. OSGOOD, Respondent, v. LOS ANGELES TRACTION COMPANY, Appellant.

NEGLIGENCE—COLLISION OF STREET-CAR WITH RAILWAY TRAIN—DUTY OF CARRIER OF PASSENGERS—PRESUMPTION—BURDEN OF PROOF.— A street-railway company, as a carrier of passengers, is required to exercise the highest degree of care in their transportation, and is responsible for injuries received by them while in the course of transportation, which might have been avoided by the exercise of such care; and in case of collision of a street-car with a railway train, to the injury of its passengers, a presumption of negligence arises which throws upon the street-railway company the burden of showing that the injury was sustained without any negligence on its part.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion.

E. E. Millikin, for Appellant.

Nathan Newby, for Respondent.

CHIPMAN, C.—This action was brought to recover damages for personal injuries to plaintiff, resulting from a collision between defendant's (the Los Angeles Traction Com-

pany's) street-cars, on which plaintiff was a passenger, and a car of the defendant (the Los Angeles Railway Company), a separate and different corporation. Both companies were joined as defendants, but at the trial plaintiff dismissed the action as to the latter company. Plaintiff had the verdict of the jury, and defendant appeals from the judgment and order denying motion for a new trial.

The following instruction was given at the request of plaintiff, and is claimed by appellant to be error:—

"1. The carrier of passengers is required to exercise the highest degree of care in their transportation, and is responsible for injuries received by them while in the course of transportation which might have been avoided by the exercise of such care. And if you find that while the plaintiff was being carried as a passenger by the defendant, the Los Angeles Traction Company, the car upon which she was a passenger collided with a car operated by the Los Angeles Railway Company, and that she was thrown from said car and injured, then a presumption of negligence arises which throws upon the defendant, the Los Angeles Traction Company, the burden of showing that the injury was sustained without any negligence on its part, and in the absence of such evidence your verdict should be in favor of the plaintiff for such sum as will compensate her for the damages sustained."

Appellant's objection is, that the jury were told, in effect, that the recited facts, if true, raised a presumption of negligence on the part of appellant; that it shifted the burden of proof to appellant to show that plaintiff's injuries were sustained without its negligence; that it was error to charge the jury that appellant "is required to exercise the highest degree of care" in the transportation of passengers.

1. Section 2100 of the Civil Code declares: "A carrier of persons for reward must use the utmost care and diligence for their safe carriage," etc. Webster defines the adjective "utmost" as follows: "Being in the greatest or highest degree." The noun is defined: "The most that can be; the greatest power, degree, or effort." The expression "highest degree of care" is no stronger than the statutory requirement "utmost care." The instruction in this regard was not error. In *McCurrie* v. *Southern Pacific Co.*, 122 Cal. 558, this

court said: ''The carrier of passengers is required to exercise the highest degree of care in their transportation, and is responsible for injuries received by them while in the course of transportation, which might have been avoided by the exercise of such care.'' This is the language of the instruction, and is a correct statement of the law.

2. That part of the instruction relating to the presumption of defendant's negligence is attacked on the ground that no such presumption arose because the injury was the result of a collision between two cars owned and operated by two different defendants independent of each other. *Harrison* v. *Sutter Street Ry. Co.,* 134 Cal. 549, is cited as decisive of the question. In that case the injury was caused by a collision between the railway cars and a wagon belonging to the National Brewing Company. It was held that no presumption of negligence arose in a suit against the railway company and the owner of the wagon as between themselves. The trial court refused to instruct the jury, at plaintiff's request, that a presumption of negligence arose against both defendants. The court held that this could not be the law. The court said: ''The bed-rock of this principle of presumption of negligence arising from the fact of the injury is that of probabilities, and, in the very nature of things, it cannot be made to apply in favor of a plaintiff seeking to recover damages for injuries against two defendants totally independent of each other, it being an open question as to which defendant had control of the particular instrumentality that caused the injury.'' And the court further said: ''If it was the wagon, it was an instrumentality not under the management of the railway company; and if it was the car, it was an instrumentality not under the management of the brewing company. And in either case, as to the other defendant, the rule of law here laid down by the law-writers cannot be made applicable to the facts.'' But the question now here was not decided.

In *Tompkins* v. *Clay Street Ry. Co.,* 66 Cal. 163, it was decided that in an action by a passenger against two carriers of passengers, for damages caused by a collision, no presumption of negligence arises from the mere fact of the injury as against the proprietor of the vehicle not occupied by the plaintiff. The question now here is as to the presumption

against the proprietor of the vehicle occupied by the plaintiff. Clearly the rule applies to such proprietor. As stated in *McCurrie* v. *Southern Pacific Co.,* 122 Cal. 558: "A *prima facie* case is established when the plaintiff shows that he was injured while being carried as a passenger by the defendant, and the injury was caused by the manner in which defendant used or directed the instrumentality under its control." If the fault or negligence which was the proximate cause of the injury was attributable to some other vehicle under other and independent control, the defendant could so show, and that would be a good defense, but the presumption of defendant's negligence arises regardless of the fact that the injury may have been caused by some other agency. The instruction did not shift the burden of proof of the whole case to defendant. It was nothing more than saying that, upon the particular issue, plaintiff has established negligence on defendant's part, and defendant must meet this proof by "showing that the injury was without any negligence on its part." Nothing short of such proof would meet the proof of negligence, of which the law presumes defendant guilty, and it was not error to so charge the jury. This view in no wise contravenes the doctrine as to burden of proof so clearly stated in *Scott* v. *Wood,* 81 Cal. 398, and as also provided by the Code of Civil Procedure (secs. 1869, 1981). This presumption, which the law raises from proof of certain facts, is "satisfactory if uncontradicted" (Code Civ. Proc., sec. 1963); and to meet it the evidence of defendant must show to the satisfaction of the jury that defendant "was without any negligence on its part." (*McCurrie* v. *Southern Pacific Co.,* 122 Cal. 558; *Babcock* v. *Los Angeles Traction Co.,* 128 Cal. 173, and cases cited; Shearman and Redfield on Negligence, sec. 59; *Seybolt* v. *New York etc. R. R. Co.,* 95 N. Y. 562; *Miller* v. *Ocean S. S. Co.,* 118 N. Y. 199.) It is not true, as contended by appellant, that the rule has been applied only where questions arose on the sufficiency of the evidence to sustain the verdict and on motions for nonsuit. The rule is a sound one as applied to the case when submitted to the jury. As said in Shearman and Redfield, the peculiar circumstances of this class of cases, when made to appear, "afford reasonable evidence in the absence of explanation by the defendant that the accident

arose from want of care''; and in such case, as was said in *Seybolt* v. *New York etc.* R. R. Co., 95 N. Y. 562, "the onus then rests upon the defendant to prove that the injury was caused without his fault."

The judgment and order should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., Temple, J., McFarland, J.