[S. F. No. 3361.    Department Two.—June 20, 1905.]

## G. W. H. PATTERSON, Appellant, v. SAN FRANCISCO AND SAN MATEO ELECTRIC RAILWAY COMPANY, Respondent.

NEGLIGENCE—NOISY FLASHES UPON ELECTRIC CAR—FLIGHT OF INJURED PASSENGER—SUPPORT OF VERDICT—CONFLICTING EVIDENCE.—In an action for an injury by the breaking of plaintiff's leg, alleged to have been caused by the negligence of defendant in allowing electric flashes, smoke, and explosions upon its electric car, inducing plaintiff, as passenger thereon, to flee from the car in apprehension of danger, to his injury, where the verdict was for the defendant, and the evidence was conflicting as to whether the defendant was negligent or whether the flashes and noises were so slight and unimportant as not to justify an ordinarily reasonable man of average prudence to flee from the car, the verdict is sufficiently supported, and cannot be disturbed upon appeal.

ID.—EVIDENCE—REBUTTAL—DISCRETION OF COURT.—Where the extent of the flashes and explosions was gone into fully in presenting his main case, though the court had discretion to allow further evidence in rebuttal, it was not error to refuse to permit it, as not being rebuttal evidence.

ID.—INSTRUCTIONS — BURDEN OF PROOF — BALANCING PRESUMPTION OF NEGLIGENCE.—The jury were properly instructed that the burden was upon the plaintiff to prove the alleged negligence of the defendant by a preponderance of the whole evidence; and that the railroad company need not overcome any presumption of a defective condition of its appliances arising from the flashes, smoking, and reports, by a preponderance of evidence, but it was sufficient for them by evidence to balance such presumption.

ID.—NEW TRIAL—CUMULATIVE EVIDENCE.—A new trial was properly denied for newly discovered evidence where it was merely cumulative as to the extent of the flashes and loudness of the reports accompanying them, which matter was all gone into at the trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    John Hunt, Judge.

The facts are stated in the opinion of the court.

William J. Herrin, for Appellant.

The injury having been caused to a passenger, the rule is, that the burden of proof is upon the defendant to overcome

the presumption of negligence by a preponderance of the evidence. (*Fairchild* v. *California Stage Co.,* 13 Cal. 599; *Boyce* v. *California Stage Co.,* 25 Cal. 460; *Lawrence* v. *Green,* 70 Cal. 417,[1] 11 Pac. 750; *Treadwell* v. *Whittier etc. Co.,* 80 Cal. 583,[2] 22 Pac. 266; *Mitchell* v. *Southern Pacific R. R. Co.,* 87 Cal. 74, 25 Pac. 245; *Bush* v. *Barnett,* 96 Cal. 204, 31 Pac. 2; *Judson* v. *Giant Powder Co.,* 107 Cal. 549,[3] 40 Pac. 1020; *McCurrie* v. *Southern Pacific Co.,* 122 Cal. 561, 55 Pac. 324; *Babcock* v. *Los Angeles etc. Ry. Co.,* 128 Cal. 178, 60 Pac. 780; *Holloway* v. *Pasadena etc. Ry. Co.,* 130 Cal. 177, 62 Pac. 478; *Bosqui* v. *Sutro R. R. Co.,* 131 Cal. 400, 63 Pac. 682; *Osgood* v. *Los Angeles Traction Co.,* 137 Cal. 280,[4] 70 Pac. 169; Shearman & Redfield on Negligence, sec. 59; Angell on Carriers, secs. 568, 569; *Stokes* v. *Saltonstall,* 13 Pet. 181; *Seybolt* v. *New York etc. R. R. Co.,* 95 N. Y. 562;[5] *Eagle Packet Co.* v. *Defries,* 94 Ill. 598;[6] *Ware* v. *Gay,* 28 Mass. 106; *Julien* v. *Steamer Wade Hampton,* 27 La. Ann. 377; *Louisville etc. R. R. Co.* v. *Ritters,* 85 Ky. 365.) Notwithstanding the plaintiff may have erred in judgment, where the plaintiff's apprehension of danger was caused by defendant's negligence, the injuries resulting from an attempted escape are chargeable to the defendant. (*Mitchell* v. *Southern Pacific Lumber Co.,* 87 Cal. 74, 25 Pac. 245; *Lawrence* v. *Green,* 70 Cal. 417,[1] 11 Pac. 750; *Green* v. *Pacific Lumber Co.,* 130 Cal. 435, 62 Pac. 477; *Townley* v. *Central Park etc. R. R. Co.,* 69 N. Y. 160.[7])

A. A. Moore, for Respondent.

The instructions as to the burden of proof being upon the plaintiff as to the whole evidence were correct. (*Scott* v. *Wood,* 81 Cal. 398, 22 Pac. 871; *Mitchell* v. *Southern Pacific R. R. Co.,* 87 Cal. 62, 25 Pac. 245; *Osgood* v. *Los Angeles Traction Co.,* 137 Cal. 280,[4] 70 Pac. 169; *Kay* v. *Metropolitan St. Ry. Co.,* 163 N. Y. 447, 57 N. E. 751; *Mexican Central Ry. Co.* v. *Lauricella,* 87 Tex. 277,[8] 28 S. W. 277.)

[1] 59 Am. Rep. 428.
[2] 13 Am. St. Rep. 175.
[3] 48 Am. St. Rep. 146.
[4] 92 Am. St. Rep. 171.
[5] 47 Am. Rep. 75.
[6] 34 Am. Rep. 245.
[7] 25 Am. St. Rep. 162, and note.
[8] 47 Am. St. Rep. 103.

LORIGAN, J.—In this action plaintiff sought to recover damages for personal injuries alleged to have been sustained through the negligence of defendant.

A verdict was returned in favor of defendant, and plaintiff appeals from the judgment and an order denying his motion for a new trial.

1. On March 12, 1901, about midnight, plaintiff and his wife took passage on one of the cars of defendant, at the corner of Fourteenth and Valencia streets, in the city of San Francisco, for their home on Thirtieth Street in said city. The car turned into Guerrero Street, and as it approached Twenty-second Street the motorman threw off the current to pass an overhead division of the trolley line, when flames flashed noisily out of the front controller of the iron encasement in electric cars to which the motorman affixes the speed lever. When this occurred the motorman immediately turned and motioned to the conductor at the rear end of the car to disconnect the "overhead," or current running from the first controller to the rear one, and this the conductor forthwith did at a point next to the roof of the car and close to the rear end. This disconnecting likewise caused a flame or flash, accompanied also with a noise.

The evidence is conflicting as to the extent of the flames or flashes which proceeded from the front controller, and the disconnecting of the current at the rear of the car, and the degree of the noise accompanying them. There was some evidence that the flames or flashes were extensive and the noises accompanying them very loud, amounting to reports or explosions. On the other hand, there was evidence to the effect that the flame from the front controller flashed eight or ten inches high, accompanied by but a slight noise, and that the effect of disconnecting the overhead current on the rear platform, occasioned but a slight flash and a slight sizzling, or sputtering noise, characteristic of arc lights or short electrical disconnections.

However, when the flash from the front controller took place, plaintiff immediately jumped from his seat and rushed out towards the rear platform. What next took place is again a matter of dispute under the evidence. Plaintiff testified that as he reached the rear platform the flash from the overhead disconnection occurred, accompanied by a loud re-

port; that it appeared to him that the whole of the rear end of the car was on fire; that the flash completely blinded him, which was the last he remembered, except, that he felt a peculiar sensation as of flying through the air; that he knew nothing more until he found himself over against a curb on the street with his leg broken. Opposed to plaintiff's claim in this particular, was evidence tending to show, as before stated, the slight character of the flash from the controller, and in disconnecting the overhead current on the rear platform, and the slight noises accompanying both, together with evidence that plaintiff not only was not blown off the car by force of an explosion, as his testimony would indicate, but that he rushed out of the car and immediately jumped from it; that he so stated when persons went to his assistance, and further declared that it was foolish for him to have jumped at all.

The evidence further showed that there were five other persons besides plaintiff, including his wife, all seated inside the car, none of whom were hurt, and all of whom remained on the car until it stopped.

Evidence was also introduced on the part of defendant to show that the controllers upon the car had been examined some three days before the accident, and were then in perfectly good order and condition.

We state this evidence, and refer to the conflict in it, not only for the purpose of giving the general facts, but also in view of the claim of appellant that the verdict of the jury was not sustained by the evidence.

The claim of defendant before the jury, under the evidence, was twofold: first, that the flashes, with their accompanying noises, be the character of them what they may, happened without any negligence on the part of defendant; and second, that they were so slight and unimportant that the plaintiff, by reason of them, was not placed in any situation of peril, real or apparent, which would justify an ordinarily reasonable man, or a man of average prudence, in pursuing the course which he did.

By rendering a verdict for defendant the jury necessarily found, from the evidence, in favor of defendant on one or both of these propositions. As the evidence was conflicting on the material points in issue, it was for the jury to deter-

mine what credit should be given to it. They determined that the evidence in support of respondent's position was the more convincing, and as that was sufficient to support their verdict we cannot disturb it.

2. It is claimed that the court erred in refusing to permit appellant to inquire of certain witnesses, called by him in rebuttal, as to the extent of the flashes, and the extent of what was claimed by appellant to have been the accompanying explosions. This the court refused, on objection of respondent, to permit, as not being rebuttal evidence, and we think the ruling was correct. These matters were gone into fully by appellant in presentation of his main case. In fact, it is quite apparent that the theories of the appellant upon which he sought to recover were, that either he was hurled off the car by force of an explosion on the rear platform, or that the flashes and explosions were of such extent and magnitude that, as a reasonable man, he was warranted in apprehending danger and taking the course he did to escape it. On these theories he went fully into the matter of the flashes and explosions in presenting his main case, and if he had any additional testimony on those points, then was the time to have presented it. While it was within the discretion of the court to allow, for good cause shown, the admission of evidence in rebuttal which should have been introduced in presenting the main case, still there was no reason suggested why this evidence was not presented at that time, and so it was properly rejected on rebuttal.

3. Complaint is made that the court erred in many of the instructions which it gave to the jury, and in its refusal to give certain instructions requested by appellant. It will be unnecessary to set forth the requested instructions which it is claimed should have been given. We are satisfied that the court committed no error in refusing them. They consist of two instructions with reference to the degree of care to be exercised by a common carrier of passengers, and one relative to the rule of law under which the conduct of a party when placed in a position of peril is to be measured.

Without discussing the objections urged against these instructions,—that they did not completely state the law, save the one which was a *verbatim* copy of section 2100 of the Civil Code,—a careful consideration of all the instructions

which were given by the court shows that the jury were clearly and fully instructed on both these subjects. As to the instructions which were given and are challenged. The court instructed the jury: "In this case the plaintiff, George W. H. Patterson, claims to have received personal injuries through the negligence of the railroad company defendant. The plaintiff assigns the defendant's negligence as the cause of his alleged injuries. The law requires that he prove such negligence. As the plaintiff he has the affirmative of that issue. Unless the plaintiff makes this proof, and shows negligence on the part of defendant, by a preponderance of the whole evidence, he cannot recover herein, and your verdict must be for the defendant." And again: "I instruct you as matter of law that any presumption of defective condition, arising from any flashing, smoking, or report of any machinery, or appliances of defendant, in this case, need not be overcome by the railroad company by any preponderance of the evidence. If the railroad company introduces sufficient evidence simply to balance such a presumption without overcoming it by a preponderance of evidence, the presumption is overcome." It is claimed that that portion of the first of these instructions which states that the plaintiff has the affirmative of the issue was erroneous, the argument of plaintiff being, that, having proven he was a passenger on the car, that the explosions and flashings of the controllers took place, and that he was injured, he established a *prima facie* case, which cast the burden of proof upon defendant to show, in order to absolve itself from liability, that the injury was the result of unavoidable accident, or one which the utmost care and foresight on the part of the defendant could not have prevented—that to this extent the affirmative was on the defendant.

This contention, however, does not make the proper distinction between the weight of evidence and the burden of proof, applied in its strict sense as used in the instruction. Plaintiff charged negligence and made out a *prima facie* case by the aid of a presumption; the burden was then cast on defendant to show by the weight of evidence that it was not negligent, or to overcome the presumption. But because it was necessary, by reason of this presumption, for the defendant to meet or overcome it, did not shift the burden of proof

in its strict sense from the plaintiff to defendant.   When the evidence was all in the burden of proof on the question of negligence remained with the party who originally took it— the plaintiff.   Under the pleadings he had the affirmative of that issue; he alleged negligence, and the law cast on him the obligation of proving it by a preponderance of evidence.   In a strict sense this burden of proof never shifted.

But this whole proposition is, adversely to plaintiff's contention, and in support of the instruction, clearly and fully discussed in *Scott* v. *Wood,* 81 Cal. 398, [22 Pac. 871], and nothing that we could further say here would make the matter clearer than it is stated there.

The rule laid down in *Scott* v. *Wood,* as to the affirmative of the issue being on the plaintiff, as stated in the instruction, has been subsequently approved as applicable to actions for damages, where, as in the case at bar, a presumption of negligence arises.   (*Osgood* v. *Los Angeles Traction Co.,* 137 Cal. 280,[1] [70 Pac. 169].)

Exception is also taken to the latter part of the second instruction quoted above, where the jury were told that if the defendant introduced sufficient evidence to balance the presumption arising in favor of plaintiff from the proof of a *prima facie* case, without overcoming such presumption with a preponderance of evidence, the presumption was overcome.

It is claimed by appellant that this presumption can only be overcome by a preponderance of the evidence.   But this cannot be so.   Before a plaintiff is entitled to recover in any action, he must have a preponderance of evidence in his favor. If the evidence offered on the part of a defendant leaves the weight of evidence in a case equally balanced, there cannot exist that preponderance of evidence in plaintiff's favor which the law requires shall exist, in order to warrant a recovery. To say that the plaintiff can recover when the weight of the evidence is equally balanced, and there has been no preponderance on either side, is to say that the plaintiff can recover without a preponderance of evidence, which is, of course, legally impossible.

The rule as stated in the instruction under review is sustained by the reasoning in *Scott* v. *Wood,* 81 Cal. 398, [22 Pac. 871], as we understand that case.

---

[1] 92 Am. St. Rep. 171.

And such cases as are called to our attention from elsewhere support this doctrine. In *Kay* v. *Metropolitan St. R. R. Co.,* 163 N. Y. 447, [57 N. E. 751], plaintiff, in a collision between the street-cars of defendant, was injured and recovered a judgment. On the trial the court instructed the jury that the burden of proving affirmatively that it was free from negligence was on the defendant. That instruction, on appeal, the supreme court held to be erroneous, saying (and this decision also deals with the question of burden of proof we have previously discussed) :—

"The plaintiff, upon the issue of negligence, had to meet the burden of proof at every stage of the case. When a party alleges the existence of a fact as the basis of a cause of action or defense, the burden is always upon the party who alleges it to establish it by proof. The *onus probandi* is upon him throughout. In the case at bar, the plaintiff made out her cause of action *prima facie* by the aid of a legal presumption; but, when the proof was all in the burden of proof had not shifted, but was still on the plaintiff. . . . If the defendant's proof operated to rebut the presumption upon which the plaintiff relied, or if it left the essential fact of negligence in doubt and uncertainty, the party who made that allegation should suffer, and not her adversary. The jury were bound to put the facts and circumstances proved by the defendant into the scale against the presumption upon which the plaintiff relied, and in determining the weight to be given to the former as against the latter, they were bound to apply the rule that the burden of proof was upon the plaintiff. If, on the whole, the scale did not preponderate in favor of the presumption, and against the defendant's proof, the plaintiff had not made out her case, since she failed to meet and overcome the burden of proof."

In *Mexican Central R. R. Co.* v. *Lauricella,* 87 Tex. 277,[1] [28 S. W. 277], plaintiff was injured, while a passenger, in a derailment. The jury were instructed that, unless the railroad company overcame the presumption of negligence arising from the proof of derailment, they should find in favor of plaintiff. This instruction, on appeal, was held erroneous, the court saying:—

"Although the derailment of the train may have been suffi-

[1] 47 Am. St. Rep. 103.

cient to raise the presumption of negligence, yet it did not devolve upon the defendant the duty of showing, by evidence of a preponderating weight, that the accident was not the result of negligence. It was entitled to a verdict if the evidence upon the issue was balanced; that is, if it preponderated on neither side."

These are the only instructions given by the court and challenged, which we deem specially worth noticing. The other instructions criticised correctly state the law, and present no questions which require particular discussion.

4. One of the grounds of the motion for a new trial was on account of newly discovered evidence. This consisted of the testimony of two witnesses, who would testify solely upon the question of the extent of the flashes and the loudness of the reports accompanying them. This matter was all gone into upon the trial, so that the newly discovered evidence was simply cumulative. Hence it was not good cause for a new trial. (*Reed* v. *Clark,* 47 Cal. 204.) This disposes of all the points made on this appeal which, in our judgment, require consideration, and finding no error in the record warranting a reversal, the judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.