[No. 71.   Second Appellate District.—August 11, 1905.]

## C. W. FRENCH, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY, Appellant.

NEGLIGENCE—INJURY TO PASSENGER WHILE ALIGHTING FROM STREET-CAR —ISSUE—INSTRUCTIONS—BURDEN OF PROOF.—In an action for injuries sustained by being thrown to the ground while alighting from a street-car, where the sole issue was as to whether the car started while the plaintiff was alighting, or whether he voluntarily alighted while the car was in motion, and instructions were fully given upon the subject of contributory negligence urged by the de-

I Cal. App.—26

fendant, an instruction that the burden of proof is upon the plaintiff to show that the injury was caused by the act of the carrier in operating the instrumentalities employed in its business, and that if this be shown by a fair preponderance of all the evidence, then there is a presumption of negligence, which throws upon the carrier the burden of showing that the injury was sustained without any negligence on his part, was proper, and did not take the issue from the jury or mislead them as to the issue.

ID.—REFUSAL OF DEFENDANT'S REQUEST—MISLEADING INSTRUCTION.— There was no error of which the defendant can complain in refusing a requested instruction, that in a case of this character the burden of proving negligence rests upon the plaintiff, and that he must prove the negligence by a preponderance of evidence, as it might naturally be understood by the jury as contradicting the instruction given upon the burden of proof, and would serve to mislead the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.    M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Bicknell, Gibson & Trask, Dunn & Crutcher, Norman S. Sterry, and Edward F. Bacon, for Appellant.

The instruction given was misleading.    It did not give the proper limitation of the doctrine of imputable negligence, or presumption of negligence from injury, which rests upon the doctrine of probabilities.    (*Harrison* v. *Sutter-Street Ry. Co.,* 134 Cal. 549-552, 66 Pac. 787; *Dressler* v. *Citizens' St. Ry. Co.,* 19 Ind. App. 383, 47 N. E. 651; *Herstine* v. *Lehigh Valley R. Co.,* 151 Pa. St. 244, 25 Atl. 104; *Denver etc. Ry. Co.* v. *Fotheringham,* 11 Colo. App. 410, 68 Pac. 978; *Chicago St. Ry. Co.* v. *Catline,* 70 Ill. App. 97; *Pennsylvania Ry. Co.* v. *MacKinney,* (Pa.) 17 Atl. 14.)    The burden of proof upon the plaintiff does not shift.    (*Lincoln Traction Co.* v. *Webb,* (Neb.) 102 N. W. 258; *United Electric Light etc. Co.* v. *State,* (Md.) 60 Atl. 248; *Blake* v. *Camden Interstate Ry. Co.,* (W. Va.) 50 S. E. 408; *Gardner* v. *Detroit St. Ry. Co.,* 99 Mich. 182, 58 N. W. 49-51; *Scott* v. *Wood,* 81 Cal. 398, 22 Pac. 871; *Kahn* v. *Triest-Rosenberg Cap Co.,* 139 Cal. 340, 345, 73 Pac. 164; *Patterson* v. *San Francisco etc. Ry. Co.,* 147 Cal. 178, 81 Pac. 531.)    The court erred in refusing the instruction requested by defendant.    (*Pryor* v. *Metropolitan St. Ry. Co.,*

85 Mo. App. 367; *Cincinnati etc. Ry. Co.* v. *McClain,* 148 Ind. 188, 44 N. E. 306, 308; and cases last before cited; Code Civ. Proc., sec. 2061, subd. 4.)

John W. Kemp, for Respondent.

The instruction given stated a correct rule of law. (*McCurrie* v. *Southern Pacific Co.,* 122 Cal. 558, 561, 55 Pac. 324, and cases cited; *Harrison* v. *Sutter-Street Ry. Co.,* 134 Cal. 549, 66 Pac. 787; *Judson* v. *Giant Powder Co.,* 107 Cal. 545, 48 Am. St. Rep. 146, 40 Pac. 1020; *Babcock* v. *Los Angeles Traction Co.,* 128 Cal. 173, 177, 178, 60 Pac. 780; *Osgood* v. *Los Angeles etc. Co.,* 137 Cal. 280, 283, 94 Am. St. Rep. 171, 70 Pac. 169; *MacDougall* v. *Central R. R. Co.,* 63 Cal. 432; *Raub* v. *Los Angeles Terminal Ry. Co.,* 103 Cal. 473, 37 Pac. 374; *Kahn* v. *Triest-Rosenberg Cap Co.,* 139 Cal. 340, 73 Pac. 164.)   No injury could have resulted from the failure to give defendant's requested instruction.

SMITH, J.—This is a suit for damages alleged to have been suffered by the plaintiff from injuries caused by his being thrown to the ground while alighting from one of defendant's cars.   There was evidence on the part of the plaintiff tending to show that while alighting from the car, after it had stopped, the car was suddenly started forward, and that he was thereby thrown violently to the street.   On behalf of defendant, there was evidence tending to prove that plaintiff alighted while the car was in motion.

The court instructed the jury (among other instructions) as follows:

"You are instructed that the burden of proof is upon the plaintiff to show that the injury to a passenger was caused *by the act* of the carrier in operating the instrumentalities employed in its business.   If this be shown by a fair preponderance of all the evidence, then there is a presumption of negligence which throws upon the carrier the burden of showing that the injury was sustained without any negligence upon his part."

And the following instruction, asked for by the defendant, was refused:

"The court instructs the jury that the plaintiff in this action seeks to recover damages sustained by reason of in-

juries to him, on account of the alleged negligence of the defendant, its agents and employees, and you are instructed that in a case of this character the burden of proving negligence rests upon the plaintiff, and he must prove the negligence alleged in the complaint by a preponderance of evidence.''

The case was tried by a jury, and verdict was for the plaintiff. The appeal is from the judgment entered on the verdict and from an order denying the defendant's motion for a new trial.

The sole errors complained of are the giving of the former and the refusal of the latter of the instructions quoted.

As to the instruction given, it is urged by the appellant, and is not denied, ''that there was but one issue in the case, viz.: Was the car started while the plaintiff was alighting therefrom, as he claimed, or did he voluntarily alight therefrom while it was in motion, as the defendant claimed?''

The objection urged by the appellant to the instruction is in effect that it took this issue from the jury. But this is obviously not the case. If the plaintiff was injured by alighting from the car, while it was in motion, or if there was any contributory negligence of any kind proven, then the injury was not caused ''by the act of the carrier in operating the instrumentalities employed in its business''; and the instruction could have no application. Accordingly, the jury were explicitly instructed, in effect, that a passenger who voluntarily alights from a car when in motion assumes the risks thereof, and cannot recover for any injuries sustained thereby, and that if the jury believe from the evidence that the plaintiff alighted from the car while in motion, and was thereby injured, then he was guilty of such negligence as to preclude a recovery; and there were other explicit instructions to the same effect. The jury, therefore, could not have been misled as to the issues submitted to them. Nor, as the law is established in this state, do we think any objection can be urged to the instruction. (*McCurrie* v. *Southern Pacific Co.,* 122 Cal. 558, [55 Pac. 324], and cases cited; *Babcock* v. *Los Angeles Traction Co.,* 128 Cal. 173, [60 Pac. 780] ; *Harrison* v. *Sutter-Street Ry. Co.,* 134 Cal. 549, [66 Pac. 787] ; *Osgood* v. *Los Angeles etc. Co.,* 137 Cal. 280, [94 Am. St. Rep. 171, 70 Pac. 169].) It is unnecessary, therefore, to examine criti-

cally the cases cited from other states. But it may be observed that the instruction involved in *Chicago Street Ry. Co.* v. *Catline,* 70 Ill. App. 97, was essentially different from the one given in this case, and that under the authorities cited, the decision in *Denver etc. Ry. Co.* v. *Fotheringham,* 11 Colo. App. 410, [68 Pac. 978], cannot be regarded as law in this state.

As to the instruction refused, we see no error; or, at least, no error of which the appellant can complain. There was, as claimed by the appellant, but one issue in the case, and on this issue the jury were fully instructed by the instructions given at the request of defendant already referred to. To have given the instruction asked for would, therefore, have served only to confuse the jury as to the only issue before them. The case of *Kahn* v. *Triest-Rosenberg Cap Co.,* 139 Cal. 345, [73 Pac. 164], and the case of *Patterson* v. *San Francisco etc. Electric Ry. Co.,* 147 Cal. 178, [81 Pac. 531], have no application. It may be admitted that, had the instruction been given, it might (in view of the ambiguous nature of the term "burden of proving") have been so construed as not to be in conflict with the instruction given. (*Scott* v. *Wood,* 81 Cal. 398, [22 Pac. 871].) But in its most natural construction, and in the construction that would most probably have been given to it by the jury, it would be contradictory; and, as there was but the one issue before the jury, it could have but served to mislead them.

The judgment and order appealed from are affirmed.

Gray, P. J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on October 6, 1905.